**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISIONS**

| | |
|---|---|
| **AMERICAN SOCIETY OF ANESTHESIA TECHNOLOGISTS AND TECHNICIANS** *Plaintiff,* <br><br> **v.** <br><br> **ANESTHESIA TECHNICIANS OF AMERICA, CODY DUNLAP, JOSHUA I. VILLAR, TWALIA L. NELSON, ANDREA PORTUESE (AKA ANDREA N. GARCIA), ROBERT E. BERGSTROM, and Does 1-10, operating collectively as a general partnership** <br><br> *Defendants.* | **CIVIL ACTION NO. 2:23-cv-556** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, AMERICAN SOCIETY OF ANESTHESIA TECHNOLOGISTS AND TECHNICIANS, by its attorneys The Mazingo Firm, P.C., by Jason D. Mazingo, and Smith Keane LLP, by Garet K. Galster, Melissa A. Spindler, and Jordan A. Liff, for its Complaint against Defendants ANESTHESIA TECHNICIANS OF AMERICA, CODY DUNLAP, JOSHUA I. VILLAR, TWALIA L. NELSON, ANDREA PORTUESE (AKA Andrea N. Garcia), and ROBERT E. BERGSTROM, alleges as follows:

### THE PARTIES

1.    Plaintiff American Society of Anesthesia Technologists and Technicians (hereinafter "ASATT"), is a Washington non-profit corporation having a principal place of business address of 6737 W. Washington Street, Suite 4210, Milwaukee, WI 53214.

2.      Upon information and belief, Defendant Anesthesia Technicians of America (hereinafter "ATA") was a Texas non-profit corporation having a principal place of business address of 2025 Randy Snow Rd., #227, Arlington, TX 76011.

3.      Upon information and belief, Defendant Cody Dunlap (hereinafter "Dunlap") is a Texas resident that may be found at 2025 Randy Snow Rd., #227, Arlington, TX 76011.

4.      Upon information and belief, Defendant Joshua I. Villar (hereinafter "Villar") is a New York resident that may be found at 505 McCall Ave., West Islip, NY 11795.

5.      Upon information and belief, Defendant Twalia L. Nelson (hereinafter "Nelson") is a Texas resident that may be found at 2421 Esquire Dr., Arlington, TX 76018.

6.      Upon information and belief, Defendant Andrea Portuese (AKA Andrea N. Garcia) (hereinafter "Portuese") is an Illinois resident that may be found at 208 Annapolis Dr., Vernon Hills, IL 60061.

7.      Upon information and belief, Defendant Robert E. Bergstrom (hereinafter "Bergstrom") is a Texas resident that may be found at 1205 Runford Ct., McKinney, TX 75071.

8.      Upon information and belief, ATA's corporate charter has been forfeited as of March 10, 2023.  Accordingly, to the extent the named defendants and/or as yet unidentified defendants are continuing to operate any business, they have done so as a general partnership, each being liable for all other's actions.

## JURISDICTION AND VENUE

9.      This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq. and the laws of the State of Wisconsin and is a complaint for federal and state unfair competition. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

10.     This Court has personal jurisdiction over

    a.  Defendant ATA because ATA is/was a Texas non-profit corporation, and is/was engaged in substantial and not isolated activities within this District; and

    b.  the remaining Defendants as either residents of this District or as being engaged in substantial and not isolated activities within this District.

11.     Venue in this judicial district is proper

    a.  pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim(s) occurred within this judicial district; or

    b.  pursuant to 28 U.S.C. §1391(b)(3) because at least Defendant Bergstrom is subject to this court's personal jurisdiction.

## FACTUAL BACKGROUND AND NATURE OF THE CASE

### About ASATT

12.     ASATT is an international society accountable for maintaining and raising allied health professional standards for anesthesia technology education, patient care and professional competence for anesthesia technologists and technicians.

13.     ASATT has administered its nationally-recognized certification program and the ASATT National Certification Examination since 1992.

14.     Certification for anesthesia technologists and technicians is extremely important due to the critical roles these positions play in the outcomes of medical procedures.

15.     In connection with its services, ASATT owns and maintains common law rights in many certification marks.

16.     For example, ASATT owns long-standing common law rights in its CERTIFIED ANESTHESIA TECHNICIAN, Cer.A.T., and Cer.A.T.T. certification marks (the "ASATT

Marks"). ASATT also has pending trademark registrations for the CERTIFIED ANESTHESIA

TECHNICIAN and Cer.A.T. marks.

17.     The ASATT Marks have at least acquired distinctiveness under 15 U.S.C. §

1502(f) (Lanham Act § 2(f)) as they have been used in connection with ASATT's anesthesia

technician certification services for more than the last five years. In fact, the ASATT Marks have

been used since at least August 2006, as evidenced by the Wayback Machine in the following

screenshot:



18.     In addition, ASATT has used a logo featuring a prominent dark blue-green

coloring in connection with its certification services (the "ASATT Logo"). A current example of

the logo is as follows:



19.    The dark blue-green coloring of the ASATT Logo has acquired distinctiveness under 15 U.S.C. § 1502(f) (AKA § 2(f)), as a dark blue-green color has been used in connection with ASATT's anesthesia technician certification services for more than the last five years. In fact, ASATT has used a blue-green color in connection with its logo since at least 1998 and specifically a dark blue-green color since at least October 2006, as seen in the following screenshot from the Wayback Machine:



20.    ASATT maintains a website explaining and advertising its services (the "ASATT Website"). The ASATT Website may be found at: www.asatt.org.

21.    The ASATT Website includes information specifically on the requirements for certification under the "About Certification" page on the "Cer.A.T./Cer.A.T.T." tab. A true and correct representation of the "About Certification" page from the ASATT Website has been attached as Exhibit A.

**About Defendants**

22.     Upon information and belief, Defendant ATA purports to provide certification for anesthesia technicians.

23.     Upon information and belief, ATA is a non-profit formed in Texas on August 23, 2021 and has been offering "certification" services since.

24.     Yet, upon information and belief, ATA had its Certificate of Formation revoked by the state of Texas on March 10, 2023 for failure to pay its franchise tax under Section 171.309 of the Texas Tax Code.

25.     However, upon information and belief, ATA is currently still operating and providing its certification services, as the ATA Website is still operable as of April 14, 2023.

26.     Upon information and belief, Defendant Dunlap is the founder, registered agent, and one of the directors of ATA.

27.     Upon information and belief, Defendants Villar, Nelson, Portuese, and Bergstrom are also currently directors of ATA.

28.     Upon information and belief, if ATA is dissolved or otherwise unable to be served in this action, Defendants Dunlap, Villar, Nelson, Portuese, and Bergstrom, and Does 1-10 form at least a general partnership to do business under the ATA name and are thus at least jointly and severally liable for the actions discussed in this Complaint below with respect to ATA.

29.     ATA maintains a website explaining and advertising its services (the "ATA Website"). The ATA Website may be found at: www.anesthesiatechs.org.

30.     The ATA Website included a "Certification" page, which listed the certification marks used by ATA as CERTIFIED ANESTHESIA SUPPORT TECHNICIAN, C.A.S.T., and

C.A.T. (the "ATA Marks"). A true and correct representation of the "Certification" page from the ATA Website prior to May 2023 has been attached as Exhibit B.

31.    In May 2023, ATA updated its "Certification" page, changing some headings and text. A true and correct representation of ATA's updated "Certification" page from May 2023 has been attached as Exhibit C.

32.    ATA also uses a logo in connection with its services (the "ATA Logo"). An example of the ATA Logo is as follows:



**Defendants' Acts**

33.    ASATT has no objections to competition in the anesthesia technologist and technician certification field, however such competition must develop its own programs and materials and garner its own goodwill without copying from ASATT.

34.    In late 2022, ASATT became aware that the ATA Logo, the ATA Marks, and the ATA Website were confusingly similar to the ASATT Logo, ASATT Marks, and the ASATT Website, respectfully.

35.    Specifically, the ATA Logo uses a confusingly similar dark green-blue color to the ASATT Logo, as seen in a comparison below.





36.    Additionally, ATA's CERTIFIED ANESTHESIA SUPPORT TECHNICIAN certification mark is confusingly similar to ASATT's CERTIFIED ANESTHESIA TECHNICIAN mark.

37.    ATA's addition of the word "support" does not adequately distinguish its certification mark from ASATT's long-used certification mark.

38.    Further, ATA's C.A.S.T. and C.A.T. certification marks are confusingly similar to ASATT's Cer.A.T. and Cer.A.T.T. certification marks.

39.    Beyond confusingly similar certification marks, ATA has also made the structure of its certification program identically to ASATT's, with certification lasting for 2 years and 20 continuing education units (CEUs) required for certification.

40.    In addition to all of the above, the "Certification" page on the ATA Website has been and still is nearly identical to the "About Certification" page on the ASATT Website, as can be seen in a comparison of Exhibit A with Exhibits B and C.

41.     For more ease of comparison, below is a chart comparing section headings (in bold) and some contents from the "About Certification" page on the ASATT Website (seen in Exhibit A) and the prior (before May 2023) "Certification" page on the ATA Website (seen in Exhibit B). The highlighted text are *differences*:

| ASATT "ABOUT CERTIFICATION" PAGE | OLD ATA "CERTIFICATION" PAGE |
|---|---|
| **Continuing Education**<br><br>Continuing education is essential to enable Anesthesia Technologists and Technicians to ensure personal and professional development in the rapidly changing field of anesthesia technology. Therefore, to retain the Cer.A.T. and Cer.A.T.T. designation, anesthesia technicians and technologist must document continuing education. | Continuing Education<br><br>Continuing education is essential to enable Anesthesia Technicians to ensure personal and professional development in the rapidly changing field of anesthesia technology. Therefore, to retain the C.A.S. T. designation, anesthesia technicians must document continuing education. |
| **CEU Credit Requirements**<br><br>After an individual has become certified or has recertified, they must begin to earn continuing education credits, according to their two year certification period. For new certified individuals they must wait for their designated two year certification period to begin. | C.E.U. Credit Requirements<br><br>After an individual has become certified or has recertified, they must begin to earn continuing education credits, according to their two-year certification period. Newly certified individuals must wait for their designated two-year certification period to begin. |
| **Recommended Program and Credits**<br><br>It is the responsibility of the individual to ensure appropriate courses are taken and complete records are maintained.<br><br>Credit Calculation - One continuing education/contact hour (CE/CH) may be requested for each 50-60 minute lecture attended. Hours will not be given for introductory remarks, breaks, business meetings, meals, or non-anesthesia related topics that do not fall under category II.<br><br>The content of the lectures must be relevant to the Anesthesia Content Outline listed below. During each two-year recertification period, you may submit only 5 CE/CH from Category II that do not relate to the Anesthesia Technician Content Outline. | Recommended Program and Credits<br><br>The individual is responsible for ensuring appropriate courses are taken, and complete records are maintained.<br><br>Credit Calculation - One continuing education/contact hour (CE/CH) may be requested for each 50–60-minute lecture attended. Hours will not be given for introductory remarks, breaks, business meetings, meals, or non-anesthesia- related topics that do not fall under category II.<br><br>The content of the lectures must be relevant to the Anesthesia Content Outline listed below. During each two-year recertification period, you may submit only 4 CE/CH from Category II that do not relate to the Anesthesia Technician Content Outline. |

| ASATT "ABOUT CERTIFICATION" PAGE | OLD ATA "CERTIFICATION" PAGE |
|---|---|
| **Category I:**<br>• Operating Room tasks<br>• Infection Control Techniques<br>• Basic Anatomy and Physiology<br>• Types of Anesthesia<br>• Airway Management Equipment<br>• Anesthesia Gas Machine and Gas<br>• Delivery<br>• Monitors and Ancillary Devices<br>• Pharmacy<br>• Intravenous Therapy<br><br>**Category II:**<br>• Stress Management<br>• Interpersonal Disciplines<br>• Computer Programming<br>• Data Record Keeping<br>• Materials Management<br>• Marketing<br>• Quality Assurance Training | **Category I**<br>• Operating Room tasks, e.g., fire safety/drills and latex allergy protocol<br>• Infection Control Policies and Procedures<br>• Basic Anatomy and Physiology<br>• Types of Anesthesia<br>• Airway Management Equipment<br>• Anesthesia Delivery Systems<br>• Monitors and Ancillary Devices<br>• Pharmacy<br>• Intravenous Therapy and Blood Products<br><br>**Category II**<br>• Stress Management<br>• Interpersonal Disciplines<br>• Computer Programming<br>• Data Record Keeping<br>• Materials Management<br>• Marketing<br>• Quality Assurance Training |
| **Request for an extension:**<br>A request for extension must be made in writing to the Chair of the Recertification Committee. Keep in mind that even though an extension may have been granted the CEUs submitted must have been completed during your two year certification period.<br><br>**Late Submissions:**<br>If you submit your packet after the Grace period of January 31st, you're subject to loss of certification. | **Request for an extension:**<br>A request for extension must be made in writing to the Chair of the Recertification Committee prior to December 31st of the year you recertify. Keep in mind that even though an extension may be granted the C.E.U.s submitted must have been completed during your two-year certification period. If you submit your packet after the Grace period of January 31st, you're subject to loss of certification. |

| ASATT "ABOUT CERTIFICATION" PAGE | OLD ATA "CERTIFICATION" PAGE |
|---|---|
| **CEU Reporting (Recertification)**<br><br>Certification expires December 31st every two years. Individuals who are due to recertify this year will receive an email notification that it is time to renew. These emails will be sent by November 1st. The email will include a short list of instructions for the applicants to complete. Applications mailed or postmarked after December 31 must include a $75 late fee. Remember all CEUs must be earned during your 2-year certification period. Your application will not be processed unless the correct fees are submitted. Members and non-members alike, who are contacted because of incomplete documentation, will incur an additional $50 fee to complete the processing of their packet. ASATT grants a renewal extension until January 31st, which means we must receive your packet on or before the 31st. If the 31st falls on a Saturday, your packet is due by the end of business on Friday. If the 31st falls on a Sunday, then your packet is due by the end of business on Monday. There will be no exceptions made for packets received after January 31st, unless prior arrangements were made with the Recertification Committee. | C.E.U. Reporting (Recertification)<br><br>Certification expires on December 31st every two years. Individuals due to recertify this year will receive an email notification that it is time to renew. These emails will be sent by November 1st. The email will include a short list of instructions for the applicants to complete. Applications mailed or postmarked after December 31st must have a $50 late fee. Remember all C.E.U.s must be earned during your 2-year certification period. Your application will not be processed unless the correct fees are submitted. Members and non-members who are contacted because of incomplete documentation will incur an additional $20 fee to complete the packet processing. A.T.A. grants a renewal extension until January 31st, which means we must receive your packet on or before the 31st. If the 31st falls on a Saturday, your packet is due by the end of business on Friday. If the 31st falls on a Sunday, your packet is due by the end of business on Monday. There will be no exceptions made for packets received after January 31st unless prior arrangements were made with the Recertification Committee. |
| **Other Meetings and Credits**<br><br>Under the Events tab on the ASATT website, there is a section called Meetings and Events, listing meetings that have been approved by ASATT to offer CEUs. | Other Meetings and Credits<br>Under the Events tab on the A.T.A. website, there is a section called Meetings and Events, listing meetings that have been approved by A.T.A. to offer C.E.U.s. |

42.    In an extremely specific example of copy-pasting, in a section of both the ATA and ASATT Websites, both entitled "Other Meetings and Credits," as listed above, there is a reference to a "Meetings and Events" section of the website. Upon information and belief, the ATA Website does not have a section called "Meetings and Events," and this line is included because it, and most other content on the ATA Website "Certification" page, was directly and literally copied from the ASATT Website.

43.     ATA updated the "Certification" page in May 2023, however even the updated version is still confusingly similar to the ASATT "About Certification" page.

44.     Below is a chart comparing section headings (in bold) and some contents from the "About Certification" page on the ASATT Website (seen in Exhibit A) and the updated "Certification" page on the ATA Website (seen in Exhibit C).

| ASATT "ABOUT CERTIFICATION" PAGE | NEW ATA "CERTIFICATION" PAGE |
|---|---|
| **Continuing Education**<br><br>Continuing education is essential to enable Anesthesia Technologists and Technicians to ensure personal and professional development in the rapidly changing field of anesthesia technology. Therefore, to retain the Cer.A.T. and Cer.A.T.T. designation, anesthesia technicians and technologist must document continuing education. | **Continuing Education**<br><br>To maintain your certification, each member will need to complete continuing education. This is vital to the mission that A.T.A. promotes to their members, teaching and learning more about healthcare to be a more productive part of the Perioperative team. Each member must document their continuing education through A.T.A. to continue and maintain the C.A.S.T. designation. |
| **CEU Credit Requirements**<br><br>After an individual has become certified or has recertified, they must begin to earn continuing education credits, according to their two year certification period. For new certified individuals they must wait for their designated two year certification period to begin. | **Continuing Education Unit (C.E.U.) Credits Requirements for A.T.A.**<br>As a member becomes certified or is being recertified, they are required to start earning C.E.U.s for their two-year certification. All C.E.U.s must be emailed to the certification committee for review before being posted to your account page on the member's website. |
| **Recommended Program and Credits**<br><br>It is the responsibility of the individual to ensure appropriate courses are taken and complete records are maintained.<br><br>Credit Calculation - One continuing education/contact hour (CE/CH) may be requested for each 50-60 minute lecture attended. Hours will not be given for introductory remarks, breaks, business meetings, meals, or non-anesthesia related topics that do not fall under category II.<br><br>The content of the lectures must be relevant to the Anesthesia Content Outline listed below. During each two-year recertification period, you may submit only 5 CE/CH from Category II that do not relate to the Anesthesia Technician Content Outline. | **Types of C.E.U.s and Recommended Programs**<br><br>The member is solely responsible for ensuring the appropriate credits have been taken and records submitted and approved prior to the end of their certification period.<br><br>**How do we calculate a C.E.U.?**<br><br>A continuing education unit is based on a one-hour session that can be in person or online. These sessions can have qualified representatives of companies, hospital educational teams, physicians, and other medical personnel. A one-hour time frame is a consistent unit of measure for all members.<br><br>**What is the acceptable content for a C.E.U.?**<br><br>We wanted to take a broad approach to a permissible A.T.A. continuing education unit; we did not want to restrict any education and did not want to make the tech decide if this may seem applicable. If there are any questions about what may be acceptable, please get in touch with us. We have compiled a list of acceptable topics, but we are not limited to these topics. |

| ASATT "ABOUT CERTIFICATION" PAGE | NEW ATA "CERTIFICATION" PAGE |
|---|---|
| **Category I:**<br>• Operating Room tasks<br>• Infection Control Techniques<br>• Basic Anatomy and Physiology<br>• Types of Anesthesia<br>• Airway Management Equipment<br>• Anesthesia Gas Machine and Gas<br>• Delivery<br>• Monitors and Ancillary Devices<br>• Pharmacy<br>• Intravenous Therapy<br><br>**Category II:**<br>• Stress Management<br>• Interpersonal Disciplines<br>• Computer Programming<br>• Data Record Keeping<br>• Materials Management<br>• Marketing<br>• Quality Assurance Training | **Direct Anesthesia Topics**<br>Operating Room Responsibilities (fire safety, latex allergy, contact precautions, etc.)<br>Anatomy and Physiology courses<br>Basics of Anesthesia (types of anesthesia, medical terminology, pharmacology, etc.)<br>Anesthesia Equipment (set up, maintenance, emergency use, etc.)<br>Ventilation and the Anesthesia Machine<br>Patient Monitors and affiliated operating room devices<br>Phlebotomy, I.V., and blood supplies<br><br>**Performance Skills**<br>Stress Management and Resiliency<br>Teamwork Skills<br>Computer Skills<br>Supply Chain and Materials Management<br>Testing Procedures (Quality Assurance and other regulatory testing) |

45.    It is clear that ATA simply copied and pasted the source-identifying contents of the ASATT Website into the ATA Website and made slight variations, such as adding their own company name and ATA Marks.

46.    On November 18, 2022, counsel for ASATT sent ATA a letter, addressed to Defendant Dunlap, explaining ASATT's concerns and requesting that ATA cease and desist using the ATA Marks, since they were confusingly similar to the ASATT Marks. ASATT received no reply to the letter.

47.    On March 30, 2023, counsel for ASATT sent a follow up letter to ATA, also addressed to Defendant Dunlap, again requesting ATA cease using the confusingly similar ATA Marks and also pointing out the similarities between the ATA Logo and the ASATT Logo and the similarities between the ATA Website and the ASATT Website.

48.    ASATT requested a reply to its March 30, 2023 letter by April 6, 2023. ASATT did not receive a reply by April 6, 2023.

49.    Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, ATA competes directly with ASATT to provide certification services for anesthesia technicians, including in the State of Wisconsin.

50.    ATA's use of confusingly similar certification marks, dark blue-green coloring in the ATA Logo, and copying materials straight from the ASATT Website for use in the ATA Website has and will continue to create confusion among consumers regarding the source of the ATA's services.

51.    ASATT has had customers and potential customers discuss actual confusion they have suffered when trying to determine if ATA was affiliated with ASATT.

> a.  Actual confusion has occurred because ASATT customers have communicated worry to ASATT that, due to actions of ATA, their ASATT certifications (and even their livelihoods) could be in jeopardy.

> b.  Actual confusion has occurred because anesthesia technicians have expressed confusion to ASATT about what ATA is, whether there is an affiliation with ASATT, and if ATA and ASATT are collaborating or are one and the same organization.

> c.  Actual confusion has occurred because misinformation is spreading through social media that ASATT certifications were simply transferrable and did not need to be associated with ASATT.

52.    Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, ATA has caused ASATT to lose bids to

supply ASATT's certification services because of confusion between the two caused at least in part by ATA's acts.

    a.  ATA has made claims that ASATT does not value anesthesia technicians and views them as worthless, based on a critical statement ASATT made regarding the unsafe use of having uncertified anesthesia technicians operate under a certified scope of practice. This intentional misrepresentation of that statement has negatively impacted ASATT.

    b.  On multiple occasions, Dunlap has represented himself as a subject matter expert on behalf of ASATT, claiming we do not accept certain CEUs that ASATT does, in fact, accept. This was intentionally misleading and negatively impacted ASATT.

53.    Such acts have been undertaken at least negligently by ATA with the effect of creating a false association with ASATT, of reducing ATA's expenditures, soliciting ASATT's past and potentially future customers, and causing competitive harm to ASATT.

    a.  ATA has affirmatively assured that customers will have the Cer.A.T. certification through ATA instead of ASATT.

54.    This confusion is potentially deadly, as anesthesia technicians must know proper techniques for use in healthcare, as they are tested on in certification. Confused consumers may be misled into receiving improper certification, leading to mistakes in healthcare situations in the future.

    a.  ATA has misrepresented accreditation standards and processes to solicit customers away from ASATT.

b.  ATA's purported scope of practice has no formal approval by any other regulatory bodies and will be confused with ASATT's scope of practice which has been approved by American Society of Anesthesiologists (ASA) and the American Association of Nurse Anesthesiology (AANA).

**Count I**
Unfair Competition/Use of Word, Term, Name, Symbol, or Device Combination
15 U.S.C. § 1125(a)
as against all Defendants
**Use of Certification Marks**

55.     ASATT realleges and incorporates by reference paragraphs 1-54 of the Complaint.

56.     Defendants' use of the CERTIFIED ANESTHESIA SUPPORT TECHNICIAN certification mark is confusingly similar to ASATT's CERTIFIED ANESTHESIA TECHNICIAN certification mark.

57.     Further, Defendants' use of the C.A.S.T. and C.A.T. certification marks are confusingly similar to ASATT's Cer.A.T. and Cer.A.T.T. Marks.

58.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, the geographic area of Defendants' use of the certification marks overlaps with the geographic area of ASATT's use of its Marks.

59.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendants have intended to palm off their services as services offered by, and/or insinuated a connection with, ASATT.

60.     The services offered by ASATT and offered or attempted to be offered by Defendants are at least partially identical.

61.     Without permission, Defendants' have used the ATA Marks on the internet to advertise their services.

62.     ASATT never gave any Defendant any license to use the ASATT Marks or any portion thereof.

63.     Defendants continue to use the ATA Marks at least through the ATA Website to advertise ATA's services.

64.     The foregoing acts of Defendants constitute unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

65.     By reason of the foregoing acts of Defendants, ASATT believes that it is, has been, or is likely to be damaged by such acts. Defendants' acts, unless enjoined, will cause ASATT continuing irreparable harm.

**Count II**
Unfair Competition/Use of Word, Term, Name, Symbol, or Device Combination
15 U.S.C. § 1125(a)
as against all Defendants
**Use of ATA Logo**

66.     ASATT realleges and incorporates by reference paragraphs 1-65 of the Complaint.

67.     Defendants' use of the ATA Logo, which prominently features a dark blue-green color scheme, for both related and/or identical services to those offered by ASATT is likely to cause confusion, or to cause mistake as to the source of or association of ATA's services with ASATT.

68.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, the geographic area of Defendants' use of the ATA Logo is within the geographic area of ASATT's use of the ASATT Logo.

69.     ASATT never gave any Defendant any license to use the ASATT Logo or any portion thereof.

70.     The foregoing acts of Defendants constitute unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

71.     By reason of the foregoing acts of Defendants, ASATT believes that it is or is likely to be damaged by such acts. Defendants' acts, unless enjoined, will cause ASATT continuing irreparable harm.

**Count III**
Unfair Competition/Use of Word, Term, Name, Symbol, or Device Combination
15 U.S.C. § 1125(a)
as against all Defendants
**"Certification" Page**

72.     ASATT realleges and incorporates by reference paragraphs 1-71 of the Complaint.

73.     The "Certification" page on the ATA Website is nearly identical to the "About Certification" page on the ASATT Website, which only minimal changes to wording and punctuation, mostly involving changes of the certification marks and the company name.

74.     Defendants' use of the "Certification" page for related and/or identical services as those offered by ASATT is likely to cause confusion, or to cause mistake as to the source of or association of ATA's services with ASATT, which provides such services, and explains and advertises on its "About Certification" webpage.

75.     Without permission, Defendants have used the "Certification" page on the ATA Website to advertise ATA's services.

76.     ASATT never granted any Defendant any license to use the material on the "About Certification" page on the ASATT website.

77.     Defendants continue to use the "Certification" page on the ATA Website to advertise ATA's services.

78.     The foregoing acts of Defendants constitute unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

79.     By reason of the foregoing acts of Defendants, ASATT believes that it is or is likely to be damaged by such acts. Defendants' acts, unless enjoined, will cause ASATT continuing irreparable harm.

**Count IV**
as against all Defendants
**Texas Common Law Unfair Competition**

80.     ASATT realleges and incorporates by reference paragraphs 1-80 of the Complaint.

81.     The ASATT Marks have acquired distinctiveness as being used for more than 5 years in relation to ASATT's services.

82.     Further, ASATT is the rightful owner of all common law trade dress rights in the ASATT Website, including the "About Certification" page and all materials contained within.

83.     Defendants attempt to "palm off" ASATT's services as ATA's by blatantly copying the ASATT Marks, the ASATT Logo and ASATT's "About Certification" page, along with the structure of its entire certification program, for their own use on the ATA Website and in other advertising avenues is likely to cause confusion, or to cause mistake as to the source of or association of ATA's services with ASATT.

84.     Defendants could have begun their own certification program from scratch, creating a different styled logo, certification marks, and using their own words and certification structure, but instead chose to use certification marks, a logo, and materials that are confusingly similar to ASATT.

85.    Defendants' acts constitute unfair competition, unfair trade practice and infringement of ASATT's common law rights and are in violation of the common law of the State of Texas.

86.    Defendants' acts were done with willful intent, harmful motive and reckless indifference to ASATT's rights.

87.    Defendants have been unjustly enriched by their acts.

88.    Defendants' use of the ATA Marks, ATA Logo and copied materials has caused and, unless enjoined, will continue to cause irreparable harm to ASATT.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants with respect to all of the foregoing Counts as follows:

A. Immediately and preliminarily enjoining each Defendant, its servants, agents and employees, and all other persons in active concert or participation with any Defendant, and its successors and assigns, from directly or indirectly:

(1) using, reproducing, creating, distributing or publicly displaying any of ASATT's marks, names, logos or trade dress, including the ASATT Logo, ASATT Marks, ASATT Website, or any colorable imitation of any of them, in the advertising (including on the Internet), promotion, or rendering of its services;

(2) using, reproducing, creating, distributing or publicly displaying any of the ATA Logo, ATA Marks, and "Certification" page on the ATA Website, or any colorable imitation of them, in the advertising (including on the Internet), promotion, or rendering of its services;

(3) expressly or impliedly representing itself to customers, potential customers, suppliers, potential suppliers or the public to be affiliated in any way with ASATT;

(4) representing by words or conduct that any product or service provided, offered for sale, sold, advertised, or rendered by the respective Defendant is supplied, authorized, sponsored, or endorsed by or otherwise connected with ASATT;

(5) otherwise infringing any ASATT certification mark and/or trade dress rights; and/or

(6) competing unfairly with ASATT in any manner by improperly using any ASATT certification mark or trade dress, or any colorable imitation of any of them, and/or any mark that is likely to cause consumer confusion as to the source of the respective Defendant's services;

B. Holding Defendants' acts constitute unfair competition and trade dress infringement, as described above;

C. Holding Defendants' acts constitute willful unfair competition and trade dress infringement, as described above;

D. Holding this case exceptional;

E. Permanently enjoining each Defendant, its servants, agents and employees, and all other persons in active concert or participation with any Defendant, and its successors and assigns, from directly or indirectly:

(1) using, reproducing, creating, distributing or publicly displaying any of ASATT's marks, names, logos or trade dress, including the ASATT

Logo, ASATT Marks, ASATT Website, or any colorable imitation of any of them, in the advertising (including on the Internet), promotion, or rendering of its services;

(2) using, reproducing, creating, distributing or publicly displaying any of the ATA Logo, ATA Marks, and "Certification" page on the ATA Website, or any colorable imitation of them, in the advertising (including on the Internet), promotion, or rendering of its services;

(3) expressly or impliedly representing itself to customers, potential customers, suppliers, potential suppliers or the public to be affiliated in any way with ASATT;

(4) representing by words or conduct that any product or service provided, offered for sale, sold, advertised, or rendered by the respective Defendant is supplied, authorized, sponsored, or endorsed by or otherwise connected with ASATT;

(5) otherwise infringing any ASATT certification mark and/or trade dress rights; and/or

(6) competing unfairly with ASATT in any manner by improperly using any ASATT certification mark or trade dress, or any colorable imitation of any of them, and/or any mark that is likely to cause consumer confusion as to the source of the respective Defendant's services;

F.  Ordering each Defendant to file with this Court and serve on ASATT, within thirty (30) days from the date of entry of any restraining order and/or injunction, a report in writing, under oath, setting forth in detail the manner and form in which each respective

Defendant has complied with the terms of the respective restraining order and/or injunction;

G. Ordering the Defendants, jointly and severally, to pay ASATT:

(1) all profits, gains and advantages obtained by Defendant from the Defendants' unlawful conduct, including profits and corrective advertising damages in an amount to be determined at trial;

(2) all monetary damages sustained and to be sustained by ASATT as a consequence of Defendants' unlawful conduct, including lost profits, in an amount to be determined at trial;

(3) enhanced damages (e.g., pursuant to 15 U.S.C. § 1117(a)); and

(4) ASATT's costs and disbursements incurred in connection with this action, including reasonable attorneys' fees; of which nothing pleaded herein shall constitute an election of remedies;

H. Assessing court costs against the Defendants; and

I. Awarding such other relief as this Court may deem just and proper.

## **Jury Demand**

Pursuant to Fed. R. Civ. P. 38(b), ASATT hereby demands and requests a trial by jury of all claims and issues so triable.

Date: June 16, 2023                      Respectfully submitted,


                                         */s/ Jason D. Mazingo*
                                         **Jason D. Mazingo**
                                         Jason@MazingoFirm.com
                                         Texas Bar No. 24055925
                                         The Mazingo Firm, P.C.
                                         118 West Houston St
                                         Tyler, Texas 75702
                                         T: 903-630-7123
                                         F: 903-218-7849


                                         Garet K. Galster, *pro hac* forthcoming
                                         Melissa A. Spindler, *pro hac* forthcoming
                                         Jordan A. Liff, *pro hac* forthcoming
                                         SMITH KEANE LLP
                                         N27W23960 Paul Road, Unit 210
                                         Pewaukee, WI  53072
                                         Telephone: 262.563.1438
                                         gkg@keaneip.com
                                         mas@keaneip.com
                                         jal@keaneip.com
                                         docketing@keaneip.com

                                         ***Attorneys for Plaintiff***
                                         ***American Society of Anesthesia***
                                         ***Technologists and Technicians***